**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001080
14-JAN-2013
08:30 AM**

NO. CAAP-11-0001080

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOYCELYN WANDA UNCIANO, Petitioner-Appellant, v.
GMAC MORTGAGE, LLC, Respondent-Appellee

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAI'I
(1L.D. CASE NO. 11-1-2518; APPLICATION NO. 1069)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Petitioner-Appellant Joycelynn Wanda Unciano's (Appellant Unciano) appeal from the Honorable Gary W.B. Chang's November 28, 2011, "Order Denying Petition of Joycelyn Wanda Unciano to Cancel Land Court Order 18675 and Amendment of Transfer Certificate of Title No. 546,739, Filed August 4, 2011" (the November 28, 2011 order), because the land court has not yet reduced the November 28, 2012 order to a separate judgment or decree, as Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires under the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals from final judgments, orders, or decrees of the land court to the intermediate court of appeals. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Hawai'i Rules of Civil Procedure apply to "[p]roceedings in the land court under chapter 501[.]" HRCP Rule 81(b)(1). The Supreme Court of Hawai'i has adopted HRCP Rule 58, which requires that "[e]very judgment shall be set forth on a <u>separate</u> document." (Emphasis added). Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. A judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "Accordingly, an order disposing of a circuit court case is appealable when the order is reduced to a <u>separate</u> judgment." <u>Alford v. City and County of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed."

Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). In land court, sometimes the land court refers to the final separate document as a decree rather than a judgment. See, e.g., Price v. Magoon, 75 Haw. 164, 179, 858 P.2d 712, 720 (1993) ("The final decree of the land court constitutes the final judgment in a land court action and is akin to a final judgment in a civil case.").

The land court has not reduced the November 28, 2011 order to a separate judgment or decree that either enters judgment on all claims or contains an express finding of no just reason for delay in the entry of judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b). On February 16, 2012, the record on appeal for appellate court case number CAAP-11-0001080 was filed, at which time the record did not contain a final judgment or final decree. Absent a separate appealable judgment or decree, Appellant Unciano's appeal is premature and we lack jurisdiction. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-11-0001080 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 14, 2013.

Chief Judge

Associate Judge

Associate Judge

-3-